

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2006

# USA v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3939

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Robinson" (2006). *2006 Decisions.* Paper 896.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/896

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3939
_____

UNITED STATES OF AMERICA

v.

GILBERT ROBINSON,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-CR-121-01)
District Judge:  Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
June 13, 2006

Before:  FISHER, ALDISERT, and LOURIE,[*] Circuit Judges.

(Filed: June 14, 2006)
_____

OPINION OF THE COURT
_____

_____

[*]Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit,
sitting by designation.

LOURIE, <u>Circuit Judge</u>.

Gilbert Robinson ("Robinson") appeals from the District Court's decision

sentencing him to 292 months of imprisonment for conspiracy to distribute in excess of

50 grams of cocaine base (crack) and heroin in violation of 21 U.S.C. § 846. Because the

District Court did not err in determining that Robinson was a "career offender," and it did

not abuse its discretion in denying his attempt to withdraw a guilty plea, we will affirm.

On May 19, 2003, Robinson, along with Frederick Jones ("Jones"), was pulled

over by state police troopers for speeding in his motor vehicle. During the stop, the

troopers noticed that Jones had "zigzag cigarette rolling papers," which may be used to

smoke marijuana. The troopers asked for, and received, permission to search the vehicle.

Following their search, the troopers found cocaine base (crack), heroin, marijuana, phone

records, a handgun, and drug paraphernalia. A further investigation led to the discovery

of additional drugs and drug paraphernalia in two motel rooms that Robinson had been

occupying at the time of his arrest.

On May 5, 2004, pursuant to a prior plea agreement, Robinson pled "guilty" to one

count of conspiracy to distribute over 50 grams of cocaine base (crack) and heroin. Prior

to his sentencing, the United States Probation Office conducted an investigation that

concluded that Robinson was a "career offender." According to the Probation Office,

Robinson was convicted in 1982 of armed robbery (the "1982 offense").[1] Robinson

---

[1] Robinson was also convicted of possession with intent to deliver a controlled substance in 1989. Robinson, however, does not dispute in this appeal whether that

served 5 years in prison for that offense and was released in 1987 on parole. In 1991, Robinson violated his parole and was re-incarcerated until his release in 1993. On May 24, 2005, the District Court conducted a hearing and sentenced Robinson to 292 months of imprisonment. Robinson timely appealed that sentence, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a).

On appeal, Robinson argues that the District Court erred by classifying him as a "career offender" in view of his 1982 offense. According to Robinson, the Court should not have counted the 1982 offense in determining his criminal history level because it occurred prior to the 15-year period provided in the United States Sentencing Guidelines § 4A.1.2 ("Guidelines"). It does not matter, Robinson asserts, that he was re-incarcerated and served additional prison time during the past 15 years for violating his parole on the 1982 offense. Robinson also contends that the Court engaged in improper fact finding because it determined, rather than having a jury find beyond a reasonable doubt, that Robinson had his parole revoked, was 18 years of age at the time that he committed the 1982 offense, and that the current offense involved cocaine base (crack) and heroin. Applying the correct criminal history level, Robinson asserts that he should have been sentenced to 120 months of imprisonment, not 292 months.

Robinson also argues that the District Court abused its discretion in denying his request to withdraw his guilty plea. Robinson contends that he demonstrated a fair and

---

offense was properly counted towards his "career offender" status.

just reason for the request and that the government would not be prejudiced by the withdrawal. According to Robinson, he purportedly entered into the plea agreement because he believed that he would, in consideration for his guilty plea, receive a prison sentence between 6 and 7 years, less than the 292 months to which he was sentenced.

We agree with the government that the District Court did not err in determining that Robinson was a "career offender." As an initial matter, the Guidelines explicitly provide that the prison term that Robinson served for violating his parole on the 1982 offense, which partly occurred within the past 15 years, can be counted in establishing his status as a "career offender." See U.S.S.G. §§ 4A1.2(e)(1) (stating "count any prior sentence of imprisonment . . . that resulted in the defendant being incarcerated during any part of such fifteen-year period") and (k)(2)(B) (stating that "[r]evocation of . . . parole . . . may affect the time period under which certain sentences are counted as provided in § 4A1.1(d)(2) and (e)"). Thus, the Court did not commit legal error in considering Robinson's 1982 offense as contributing to his "career offender" status.

Moreover, the District Court did not clearly err in making factual findings necessary for Robinson's sentencing because those facts were supported by a preponderance of the evidence. See United States v. Cooper, 437 F. 3d 324, 330 (3d Cir. 2006) (stating that "[a]s before Booker, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence"); United States v. Miller, 417 F.3d 358, 362 (3d Cir. 2004) (same). In view of the record before us, a preponderance of the evidence supported the District Court's finding that Robinson had

4

his parole revoked in 1991, he was incarcerated for his 1982 offense within the past 15 years, he was at least 18 years of age at the time he committed the 1982 offense, and that his current offense, to which he pled guilty, involved controlled substances, <u>viz.</u>, cocaine base (crack) and heroin.

We also conclude that the District Court did not abuse its discretion in refusing to accept Robinson's request to withdraw his guilty plea. It is axiomatic that "[o]nce accepted, a guilty plea may not automatically be withdrawn at the defendant's whim." <u>United States v. Brown</u>, 250 F.3d 811, 815 (3d Cir. 2001). A defendant must have a fair and just reason for doing so, and Robinson has articulated no such reason in his brief to this Court. <u>Id.</u> Rather, the record supports the District Court's observation that Robinson sought to withdraw his guilty plea only after he was found to be a "career offender." As the Court recognized, that is not an adequate basis to justify Robinson's withdrawal of his guilty plea. <u>Id.</u> (stating that "[a] shift in defense tactics, a change of mind, <u>or the fear of punishment</u> are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty" (emphasis added)). There is also nothing in the record to support Robinson's contention, other than his statement during the sentencing hearing, that he was promised that he would be given 6 or 7 years of imprisonment in exchange for his "guilty" plea. Thus, the District Court did not abuse its discretion in refusing to accept Robinson's unsupported explanation as to why he now seeks to withdraw his "guilty" plea.

Accordingly, we will affirm the District Court's decision sentencing Robinson to 292 months of imprisonment.