CLD-028                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3095
_____

GILBERT ROBINSON,
                                        Appellant

v.

WARDEN T.R. SNIEZEK
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-00680)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 4, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(filed: November 12, 2010 )
_____

OPINION OF THE COURT
_____

PER CURIAM

      Gilbert Robinson, a federal prisoner proceeding pro se and in forma pauperis,

appeals from the district court's order dismissing his petition filed pursuant to 28 U.S.C.

§ 2241.  Because his appeal presents no substantial question, we will summarily affirm

the district court's order. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In May 2003, state police troopers pulled over for speeding the driver of a vehicle in which Robinson was a passenger. During the traffic stop, the troopers noticed that the driver had "zigzag cigarette rolling papers," which may be used to smoke marijuana. The troopers received permission from the driver to search the vehicle, in which they found crack cocaine, heroin, marijuana, phone records, a handgun, and drug paraphernalia. A further investigation led to the discovery of additional drugs and drug paraphernalia in two hotel rooms that Robinson had been occupying. Robinson was thereafter indicted for distribution of a controlled substance and conspiracy to distribute a controlled substance. *See* 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846.

Robinson sought to suppress the evidence found in both searches, challenging the search of the vehicle. The trial court held a hearing but denied the motion, finding that Robinson lacked standing to make such a challenge because the driver of the vehicle had consented to the search. Robinson then pleaded guilty to conspiracy to deliver in excess of 50 grams of crack cocaine and heroin in violation of 21 U.S.C. § 846. The trial court classified Robinson as a "career offender" pursuant to the United States Sentencing Guidelines and sentenced him to 292 months of imprisonment. This Court affirmed the sentence in 2006. *United States v. Robinson*, C.A. No. 05-3939, 186 F. App'x 240 (3d Cir. June 14, 2006).

In 2007, Robinson filed an unsuccessful 28 U.S.C. § 2255 motion, in which he

challenged the voluntariness of his guilty plea, the denial of his motion to withdraw his guilty plea, and the effectiveness of his counsel. This Court thereafter denied Robinson's application for a certificate of appealability. (C.A. No. 09-2452.) Then, in March 2010, he filed the present 28 U.S.C. § 2241 petition in the United States District Court for the Middle District of Pennsylvania, claiming that the state police troopers violated his equal protection rights because the search of the vehicle was allegedly based on his race. After both parties filed briefs, the magistrate judge issued a report, determining that relief under 28 U.S.C. § 2241 was unavailable because Robinson was challenging the legality of his conviction and had not established that a 28 U.S.C. §2255 motion was an inadequate or ineffective vehicle to do so. The district judge adopted the magistrate judge's report and dismissed Robinson's petition.

Robinson now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

The district court did not err in dismissing Robinson's petition. 28 U.S.C § 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). A motion pursuant to 28 U.S.C. § 2255 is, however, the presumptive means for a federal prisoner to

challenge his or her sentence or conviction. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002*)*. A federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by Section 2255 is inadequate or ineffective to test the legality of his or her detention. *Cradle*, 290 F.3d at 538; *Okereke*, 307 F.3d at 120. This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims—not merely because the petitioner is unable to meet the gatekeeping requirements of Section 2255. *Cradle*, 290 F.3d at 538; *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction). Section 2241 also authorizes federal prisoners to challenge, in the first instance, some aspects of the execution—rather than validity—of their sentence, such as decisions regarding the denial of parole. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

Although Robinson has already filed one unsuccessful motion pursuant to Section 2255, he has argued that Section 2241 is a proper vehicle for his claim because the trial court did not "allow him" to challenge the police officer's motivations to search the vehicle, and thus did not consider the issue on its merits.[1] Robinson also appears to recognize the limits of Section 2241, as he attempts to convince us that an equal protection claim challenging the police search of the vehicle is a challenge not to his conviction but to the manner in which his sentence is being executed because his

---

[1] We note that Robinson concedes the legality of the initial stop.

4

sentence is based on an alleged unconstitutional act (the search). This argument is unavailing. As the district court determined, Robinson's Section 2241 petition is a thinly veiled attack on the legality of his conviction and sentence. Robinson has not established that Section 2255 is an inadequate or ineffective method by which to make this challenge. Accordingly, the district court properly dismissed the petition.[2]

For these reasons, we conclude that this appeal presents "no substantial question," 3d. Cir. I.O.P. 10.6, and we will therefore summarily affirm the district court's order.

---

[2] We note that Robinson now asserts that the district court should have considered his petition as a motion under Federal Rule of Civil Procedure 60(b). Although Robinson correctly asserts that a pro se petitioner's documents should be liberally construed, *U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999), Rule 60(b) does not help him. Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case.