DLD-169                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1272
_____

GILBERT ROBINSON,
Appellant

v.

Warden T. R. SNIEZEK
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-10-cv-00680)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: June 9, 2011  )
_____

OPINION
_____

PER CURIAM

        Gilbert Robinson, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his motion under Federal Rule of Civil Procedure 60(b).  For the

reasons that follow, we will summarily affirm.

In 2003, state police troopers pulled over the car in which Robinson was a passenger. The driver consented to a search of the vehicle, and the officers uncovered drugs, weapons, and other incriminating evidence. A further investigation led to the discovery of additional drugs and paraphernalia in two hotel rooms Robinson was occupying. Robinson was thereafter indicted for distribution of a controlled substance and conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a) and 846.

Robinson moved to suppress the evidence found as a result of the vehicle search, but the trial court denied the motion for lack of standing. He ultimately pleaded guilty and received a sentence of 292 months' imprisonment. This Court affirmed his sentence. United States v. Robinson, 186 F. App'x 240 (3d Cir. 2006). In 2007, Robinson filed an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255, in which he challenged the voluntariness of his guilty plea, the denial of his motion to withdraw his guilty plea, and the effectiveness of his counsel. We denied his request for a certificate of appealability. United States v. Robinson, C.A. No. 09-2452 (order entered Feb. 2, 2010).

In March 2010, Robinson filed in the District Court a petition under 28 U.S.C. § 2241, claiming that the state police troopers violated his equal protection rights because the vehicle search was allegedly based on his race. The District Court dismissed the petition and we summarily affirmed. See Robinson v. Sniezek, 401 F. App'x 645 (3d Cir. 2010). Robinson then filed a motion under Federal Rule of Civil Procedure 60(b). The District Court denied the motion, and Robinson timely appealed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we may summarily affirm if Robinson does not raise a substantial question on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. In his Rule 60(b) motion, Robinson argued that the Government took inconsistent positions concerning his standing to challenge the vehicle search. In Robinson's view, the Government ultimately admitted that he had standing to challenge the search, and its failure to admit that fact earlier rendered his post-conviction proceedings unfair. The District Court denied the motion, reasoning that Robinson's argument lacked merit[1] and that, even if the Government had taken inconsistent positions, the Government's arguments concerning his standing to challenge the search did not bear on the disposition of Robinson's § 2255 motion or his § 2241 petition. We agree.

Accordingly, we will affirm the District Court's order.

---

[1] The District Court correctly noted that the Government did not take inconsistent positions with regard to Robinson's standing to challenge the search. Rather, the Government consistently argued that Robinson lacked standing to challenge the vehicle search because the driver consented to the search, but noted that Robinson *did* have standing to challenge the validity of the traffic stop. See D. Ct. Doc. No. 7, 6-8.

3