**ALD-161**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1284
_____

UNITED STATES OF AMERICA

v.

GILBERT ROBINSON,
                                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 03-cr-00121-001)
District Judge: Honorable John E. Jones III

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed  May 2, 2012)
_____

OPINION
_____

PER CURIAM.

        In May 2004, Gilbert Robinson pleaded guilty to conspiracy to deliver in excess of

50 grams of crack cocaine and heroin in violation of 21 U.S.C. § 846.  The District Court

sentenced him to 292 months of imprisonment, and we affirmed the sentence.  United

States v. Robinson, 186 F. App'x 240 (3d Cir. 2006).  Robinson then filed an unsuccessful 28 U.S.C. § 2255 motion, and we denied Robinson's application for a certificate of appealability.  He has since filed several unsuccessful challenges to his conviction.

On November 23, 2011, Robinson filed a motion for the recusal of the District Court Judge pursuant to 28 U.S.C. §§ 144 & 455.  The District Court dismissed the motion because there were no matters pending.  Robinson filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.  The District Court did not abuse its discretion in dismissing Robinson's motion to recuse.  As noted by the District Court, there were no matters pending at the time Robinson filed his motion to recuse. Moreover, Robinson has put forth no allegations that would support recusal.  Under 28 U.S.C. § 455, a judge should recuse if his impartiality might reasonably be questioned or he has a personal bias.  Under § 144, a judge should recuse if he has a personal bias or prejudice against the litigant.  Robinson's displeasure with the District Court's legal rulings is not an adequate basis for recusal.  Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Furthermore, we note that even if the District

2

Court Judge had recused himself in response to Robinson's motion, the recusal would not invalidate Robinson's conviction and sentence or provide Robinson with an avenue to challenge them.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we will summarily affirm the District Court's November 28, 2011, order. See Third Circuit I.O.P. 10.6.